UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:23-cv-24819-DPG

**ELI M. BLATT,**

    Plaintiff,

v.

**MARC J. GOLDNER,** *et al.***,**

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Magistrate Judge Lauren F. Louis's Report and Recommendation on Defendants' Motion to Dismiss Plaintiff's Amended Complaint (the "Report"). [ECF No. 61]. On March 18, 2024, Defendants, The Dharma Initiative, LLC, Marc J. Goldner, Rachel Korsen, and Simon Divilov, (collectively, "Defendants") filed a Motion to Dismiss Plaintiff's Amended Complaint (the "Motion"). [ECF No. 37]. On April 17, 2024, Plaintiff filed his Response in Opposition to Defendants' Motion. [ECF No. 51]. On May 1, 2024, Defendants filed their Reply in support of their Motion. [ECF No. 57]. On August 21, 2024, 2024, Judge Louis issued her Report recommending that the Court grant, in part, and deny, in part, Defendants' Motion to Dismiss. [ECF No. 61]. The parties have not objected to the Report.

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objections are made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific

objections are made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

This Court finds no clear error with Judge Louis's well-reasoned analysis and agrees that the Motion should be granted, in part, and denied, in part.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Lauren F. Louis's Report and Recommendation, [ECF No. 61], is **AFFIRMED AND ADOPTED** and incorporated into this Order by reference.

2. Plaintiff's Amended Complaint is hereby **DISMISSED,** WITHOUT PREJUDICE and WITH LEAVE TO AMEND. Plaintiff's second amended complaint must:

    a. include only factual allegations that support each of his claims;

    b. clearly, simply, and concisely state which allegations support each claim;

    c. raise allegations of harm specific enough to enable the Court to determine whether the injury he seeks to redress is his own, or whether Goldner Blatt Investments, LLC's interests make it indispensable to this suit; and

    d. allege with sufficient specificity the "who, what, when, where, and how" that form the bases of his fraud claims.

3. Plaintiff shall file his second amended complaint by October 9, 2024.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of September, 2024.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE